IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-00577-LTB-BNB

CRG CONSTRUCTION, INC., a Colorado corporation,

Plaintiff,

v.

BP AMERICA PRODUCTION COMPANY, a Delaware corporation,

Defendant.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

_____

This matter arises on the **Plaintiff's Uncontested Motion to Amend Scheduling Order** [Doc. # 24, filed 9/26/2012] (the "Motion").  I am persuaded that good cause exists to amend the schedule as requested by the parties, but the proposed amendment impacts the final pretrial conference and trial dates set on the calendar of the district judge.  Consequently, I respectfully RECOMMEND that the final pretrial conference (April 5, 2013) and the trial (commencing May 6, 2013) be VACATED and the case schedule be modified to the following extent:

| | |
|---|---|
| Discovery Cut-Off: | June 14, 2013; |
| Dispositive Motions Deadline: | June 14, 2013; |

Expert Disclosures:

(a)     The parties shall designate all experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before April 15, 2013; and

     (b)     The parties shall designate all rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before May 15, 2013.

When the original case schedule was set, the parties believed in good faith that the documents necessary to the plaintiff's preparation of its case were largely within the possession, custody, or control of the defendant.  Subsequently, it was determined that the required documents are not in the defendant's possession, but must be obtained by subpoena from third-party general contractors and sub-contractors.  According to the plaintiff, "[t]his necessarily would require a longer discovery process and would necessitate more depositions as records would need to be obtained from numerous third parties. . . ."  Motion [Doc. # 24] at p. 4.

In recommending that the Motion be granted, I have applied the good cause standard as defined in the Advisory Committee Notes to Rule 16, Fed. R. Civ. P., which is:

> [T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.  Since the scheduling order is entered early in the litigation, this standard seems more appropriate than a "manifest injustice" or "substantial hardship" test.

Advis. Comm. Notes for 1983 Amend.  In addition:

> Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party.  Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment.  Properly construed, "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts. . . .  Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

Colorado Visionary Academy v. Medtronic, Inc., 194 F.R.D. 684, 687 (D. Colo. 2000)(internal quotation and citation omitted).  Accord Summers v. Missouri Pacific Railroad System, 132 F.3d 599, 604 (10th Cir. 1997)(holding that "total inflexibility is undesirable" in the context of a

2

motion to adopt a new scheduling order).

I find that the original case schedule cannot be met despite the parties' diligent efforts.

Consequently, I respectfully RECOMMEND[1]:

(1)     Plaintiff's Uncontested Motion to Amend Scheduling Order [Doc. # 24] be

GRANTED;

(2)     The final pretrial conference set for April 5, 2013, at 9:00 a.m., and the trial set to

commence on May 6, 2013, be VACATED and RESET to later dates; and

(3)     The Scheduling Order [Doc. # 17] be modified to the following extent:

Discovery Cut-Off:                    June 14, 2013.

(All discovery must be completed by the discovery cut-off.  All
written discovery must be served so that responses are due on or
before the discovery cut-off.)

Discovery is limited as follows:     10 depositions per side;
                                     25 interrogatories per side;
                                     25 requests for production of documents per
                                     side; and 25 requests for admissions per
                                     side, all including discrete subparts.

Dispositive Motions Deadline:        June 14, 2013.

Expert Disclosures:

---

[1]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days
after service of this recommendation to serve and file specific, written objections.  A party's
failure to serve and file specific, written objections waives *de novo* review of the
recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-
48 (1985), and also waives appellate review of both factual and legal questions.  Makin v.
Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d
1411, 1412-13 (10th Cir. 1996).  A party's objections to this recommendation must be both
timely and specific to preserve an issue for *de novo* review by the district court or for appellate
review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

    (a)       The parties shall designate all experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before April 15, 2013; and

    (b)       The parties shall designate all rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before May 15, 2013.

Dated November 27, 2012.

                        BY THE COURT:

                         s/ Boyd N. Boland

                        United States Magistrate Judge